USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/09/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROLANDO ANGUIANO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

17-CV-557 (NSR)

14-CR-711 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      On January 24, 2017, Petitioner Rolando Anguiano filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2255 (the "Petition"), seeking to vacate, set aside or correct his sentence of forty-six (46) months' imprisonment and term of three (3) years' supervised release on January 7, 2016. (ECF No. 34.)[1] Specifically, Petitioner claims that the alleged harsh conditions of his presentence confinement warranted a downward departure in his sentence, as well as the alleged ineffective assistance of his counsel in requesting the same prior to and at his sentencing. (*Id.*) On January 31, 2017, the Court ordered the Government to file a responsive pleading within sixty days—April 1, 2017. (ECF No. 35.) On March 28, 2017, the Government filed its response in opposition to the Petition, arguing that the Court should deny it without an evidentiary hearing. (*Id.*)

      A review of the Bureau of Prison's ("BOP") Inmate Locator indicates that Petitioner was released from custody on February 16, 2018. *See* Inmate Locator Service, BOP Registration No. 71568-054, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/. *See Vera v. United States*, No. 3:11-CV-00864-VAB, 2017 WL 3081666, at *3, n. 2 (D. Conn. July 19, 2017) (taking judicial

---

[1] The ECF citations herein all refer to the docket from Petitioner's criminal case: No. 14-CR-711-NSR.

notice of the inmate locator search). It follows then, that as of February 16, 2021, Petitioner also completed his three-year term of supervised release. *See* 18 U.S.C. § 3624(e).

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (citing *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960) ("A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody."), *cert. denied*, 363 U.S. 806 (1960)). "Where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot." *Califano v. United States*, 00-CV-543, 2005 WL 1379018, at *1 (E.D.N.Y. June 7, 2005) (Johnson, J.); *see also Guzman v. United States*, 05-CV-2691, 99-CR-1036, 2007 WL 1821698, at *1 (S.D.N.Y. June 26, 2007) (Peck, M.J.) (holding § 2255 motion, which was "entirely directed to sentencing issues," moot when defendant served his full prison sentence and had been deported). "Unlike the 'in custody' requirement, mootness is not fixed at the time of filing but must be considered at every stage of habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (citation omitted); *see also Chevron Corp. v. Donziger*, 833 F.3d 74, 124 (2d Cir. 2016) (finding that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (emphasis and internal quotations omitted) (quoting *Chafln v. Chafin*, 568 U.S. 165, 172 (2013) ).

As noted above, Petitioner here was sentenced to forty-six months' imprisonment, to be followed by a three-year term of supervised release. Petitioner filed his Petition on January 24, 2017, and was released from custody on February 16, 2018. Thus, at the time of Petitioner's filing of the Petition, this Court's jurisdiction was proper because Petitioner was in prison.

Typically, claims brought under the authority of § 2255 would not be moot, even if the petitioner was not in prison at the time of filing, because a term of supervised release constitutes "custody" for purposes of § 2255. *Scanio*, 37 F.3d at 860. Here, however, Petitioner's claims are moot because his three-year term of supervised release expired on February 16, 2021. *See* 18 U.S.C. § 3624(e). Accordingly, this Court cannot afford Petitioner the relief he seeks as his claims are now moot.

Accordingly, the Court DENIES Petitioner's Section 2255 Petition as MOOT. The Clerk of Court is directed to terminate the motion at ECF No. 34 in the criminal case (No. 14-CR-711-NSR). The Clerk of the Court is further directed to enter judgment and close the civil case (No. 17-CV-557-NSR) and to mail a copy to *pro se* Petitioner at his address on ECF in the civil case (No. 17-CV-557-NSR).

Dated: May 9, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge